# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RALPH STATON,**
**Claimant Below, Petitioner**

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0982** (BOR Appeal No. 2051975)
(Claim No. 2012039770)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ralph Staton, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Charleston, by James W. Heslep, its attorney, filed a timely response.

The issue on appeal in this case is the denial of Mr. Staton's request for the authorization for a magnetic resonance imaging (MRI) of his lumbar region. The claims administrator denied his request in an Order dated August 17, 2016. In its April 21, 2017, Order, the Workers' Compensation Office of Judges affirmed the claims administrator's decision to deny Mr. Staton's request. This appeal arises from the Board of Review's Final Order dated October 4, 2017, in which the Board affirmed the April 21, 2017, Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Staton, a firefighter/paramedic, injured his low back on June 20, 2012, while lifting a high-rise pack into the side compartment of an emergency vehicle. The claims administrator held the claim compensable for low back strain and right knee strain on June 28, 2012. Mr. Staton received conservative treatment following his injury.

1

On October 15, 2012, an independent medical evaluation performed by Bill Hennessey, M.D., listed allowed conditions in the claim to be low back strain and right knee sprain. Dr. Hennessey reported that an MRI of the lumbar spine conducted on August 2, 2012, was normal, and revealed typical age-related degenerative change at the lowest two levels, no disc herniation, no nerve root encroachment, and no post-traumatic findings. Dr. Hennessey concluded that Mr. Staton had reached his maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993) and West Virginia Code of State Rules § 85-20 (2006), Dr. Hennessey could not provide a rating for impairment because Mr. Staton's condition was temporary, and not permanent. Dr. Hennessey concluded that there is no objective evidence of any residual physical impairment in the claim. Dr. Hennessey found no physical restrictions which would limit Mr. Staton's ability to participate in either vocational or avocational activities of his choice, including those of his pre-injury job duties as a firefighter.

The City of Charleston submitted a March 25, 2013, independent medical evaluation from Joseph Grady, M.D. Dr. Grady's assessment of Mr. Staton was listed as being resolved lumbar sprain and resolved knee sprain. Dr. Grady did not find signs of radiculopathy, and he concluded that Mr. Staton had reached his maximum degree of medical improvement. Dr. Grady did not find ratable impairment for Mr. Staton's right knee injury. Using the American Medical Association's *Guides*, Dr. Grady found 0% whole person impairment for the lumbar sprain.

Mr. Staton suffered several subsequent injuries after his compensable injury of June 20, 2012. During the course of his treatment, Mr. Staton sought treatment for his occupational back injuries at Primary Care Nitro. He submitted numerous records and treatment notes regarding his ongoing care and treatment for low back pain. In June of 2015, Mr. Staton sought treatment at Primary Care Nitro for low back pain. He attributed his symptoms to lifting a 500-pound patient. On September 22, 2015, Mr. Staton once again reported to Primary Care Nitro with an onset of pain he attributed to lifting tires while participating in a Cross Fit program. On November 26, 2015, Mr. Staton injured his shoulder, neck, and back while lifting a 300-pound patient. His assessment following the injury was unspecified injury of muscles and tendons of the rotator cuff of the right shoulder. On June 22, 2016, Primary Care Nitro requested authorization for a lumbar MRI due to Mr. Staton's continued back pain.

In an Order dated August 17, 2016, the claims administrator denied Mr. Staton's request for a lumbar MRI. The claims administrator noted Dr. Hennessey's October 15, 2012, independent medical evaluation report that advised that no further treatment was necessary to address Mr. Staton's compensable conditions. The claims administrator also stated that a September 20, 2013, Office of Judges Order, in a separate claim, indicated that Mr. Staton's doctor was requesting additional treatment for what appeared to be a more serious non-compensable spine diagnosis related to pre-existing severe degenerative changes. Mr. Staton protested the decision of the claims administrator.

Mr. Staton was deposed on November 15, 2016. He testified that he injured his back while working for the City of Charleston as a firefighter and paramedic. He stated that he continued to have problems for over four years after the injury, which has been made worse by a shoulder and low back injury that he received on Thanksgiving of 2015. Before the November 26, 2015, injury, Mr. Staton testified that he had a dull ache in his back that was manageable with Percocet and rest. After the 2015 injury, Mr. Staton reported that his pain dramatically changed his low back condition. He stated that he does not enjoy a great quality of life following the 2015 injury because his pain is not well controlled. He also experiences radiating pain down the right side of his leg. He had surgery to repair his shoulder, and MRIs of his back and neck have been recommended to assess his condition. Mr. Staton testified that his health insurance will not pay for the requested MRIs because his health insurance believes that his injuries are related to his workers' compensation claim.

The Office of Judges found that the claims administrator did not err in denying the requested treatment based on the report of Dr. Hennessey, who advised no further treatment was necessary. The Office of Judges concluded that the requested treatment for a lumbar MRI is not medically related and reasonably necessary to treat the compensable injuries in this claim. The Office of Judges took judicial notice of a prior Office of Judges Order dated September 20, 2013, which concluded that Mr. Staton's physician was requesting additional treatment for what appeared to be a more serious non-compensable spine diagnosis which was related to pre-existing severe degenerative changes. The Office of Judges affirmed the claims administrator's August 17, 2016, Order denying Mr. Staton's request for a lumbar MRI.

The Board of Review adopted the conclusions of the Office of Judges and affirmed its decision in an Order dated October 4, 2017. We agree with the decision of the Board of Review. Although Mr. Staton argues that he suffered an aggravation of his compensable condition, the evidence submitted suggests his current symptoms are related to an incident that occurred on June 9, 2015. The Board of Review correctly affirmed the April 21, 2017, Order of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3